IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| **MAYNARD ASHLEY HUTSON,**   Plaintiff,   v.   **UNITED STATES OF AMERICA,**   Defendant. | Case No. _____ |

_____

## COMPLAINT

### INTRODUCTION

1. This is an action against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, for personal injuries suffered by Plaintiff Maynard Ashley Hutson due to the negligent acts and omissions of employees of the United States and its departments and/or agencies.

### PARTIES

2. Plaintiff Maynard Ashley Hutson is a resident of Brunswick, Glynn County, Georgia.

3. Defendant United States of America, through its department – the Department of Homeland Security ("DHS") – operates the Federal Law Enforcement Training Center in Glynco, Georgia ("FLETC") and allows other of its departments and agencies to utilize FLETC for training exercises.

4. Defendant may be served with the summons and complaint by and through Jill E. Steinberg, United States Attorney for the Southern District of Georgia, via service upon the civil-process clerk at the U.S. Attorney's Office, 22 Barnard Street, Suite 300, Savannah, Georgia 31401.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1346(b).

6. In accordance with 28 U.S.C. § 2675(a), Plaintiff presented his claim to the United States Department of the Interior on March 7, 2024. The Department of the Interior issued a final denial of the claim on July 2, 2024.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1402(b) as the acts and omissions complained of occurred in this judicial district.

## FACTUAL ALLEGATIONS

8. On or about February 13, 2023, the United States Park Police ("USPP"), an agency of the Department of the Interior, was conducting a training exercise ("Exercise") at FLETC.

9. The Exercise involved the use of contracted role-players, who were instructed to play designated roles by USPP officers to assist in the training of USPP trainees.

10. Based upon information and belief, the USPP officer supervising the Exercise was under the supervision of, and was trained on how to conduct the Exercise by, senior USPP officers and/or DHS officials.

11. On or about February 13, 2023, Plaintiff Maynard Ashley Hutson was participating in the Exercise as a contracted role-player under the direction of a supervising USPP officer.

12. Mr. Hutson was assigned the role of "Roleplayer #6," wherein he was instructed to act as a "flasher" suspect who had flashed a woman outside her office building.

13. According to a script provided to him, Mr. Hutson's role required him to wear only an overcoat, socks, and shoes (without any clothing underneath the coat), and to walk around casually.

14. Based upon information and belief, the USPP officer supervising the Exercise knew of the script and the requirements imposed upon Mr. Hutson, including that he was to wear shoes and socks at all times and that he should not be required to run.

15. The supervising USPP officer nevertheless ordered Mr. Hutson to run without shoes while handcuffed as part of the Exercise, despite knowing that that was outside of the scope of designated role and that doing so would significantly increase the risk of injury to Mr. Hutson.

16. Following the directives of the supervising USPP officer, Mr. Hutson, while shoeless, handcuffed, and scantily protected against falls with only an overcoat and socks, attempted to comply and run.

17. While running shoeless and handcuffed, Mr. Hutson fell violently face-first onto the hard ground, resulting in immediate unconsciousness and a seizure witnessed by trainees and instructors present.

18. The fall caused Mr. Hutson to suffer severe injuries, including, but not limited to, an intracranial injury with loss of consciousness, a fracture of the orbital floor on the left side, abrasions to the head and nose, post-traumatic seizures, amnesia, mechanical ptosis of the left eye, diplopia, and myopia in both eyes.

19. The injuries required emergency medical transportation and extensive medical treatment, resulting in substantial medical expenses and lasting physical, emotional, and financial damages.

## CAUSES OF ACTION
## COUNT I – NEGLIGENCE

20. Plaintiff restates and incorporates paragraphs 1 through 19 as if fully set forth herein.

21. Defendant is liable to the Plaintiff under the FTCA for the negligent acts and omissions of its employees acting within the scope of their employment.

22. All USPP and other personnel conducting the Exercise were employees of Defendant (by and through its departments and agencies) at the time of the subject incident.

23. Defendant's employees had a duty to Mr. Hutson to exercise due care in conducting the Exercise.

24. Defendant's employees failed to exercise due care in conducting the Exercise by disregarding the requirements of the role Mr. Hutson was playing and requiring him to take actions that were beyond the scope of his designated role.

25. Defendant's employees failed to exercise due care by disregarding Mr. Hutson's safety and requiring him to run shoeless and handcuffed despite knowing that doing so would significantly increase the risk of injury to Mr. Hutson.

26. Mr. Hutson's fall was directly attributable to the conduct of Defendant's employees.

27. As a direct and proximate result of such negligent acts and omissions of Defendant's employees, Plaintiff has suffered severe injuries, resulting in pain and suffering, emotional distress, medical expenses, lost wages, and other related damages.

## COUNT II – NEGLIGENT SUPERVISION

28. Plaintiff restates and incorporates paragraphs 1 through 27 as if fully set forth herein.

29. Defendant is liable to the Plaintiff under the FTCA for the negligent acts and omissions of its employees acting within the scope of their employment.

30. All USPP and other personnel conducting the Exercise were employees of Defendant (by and through its departments and agencies) at the time of the subject incident.

31. Based upon information and belief, at the time of the Exercise, the supervising USPP officer was under the supervision of senior USPP officers and/or DHS officials.

32. Senior USPP officers and/or DHS officials had a duty to ensure that the supervising USPP officer conducted the Exercise in a way that avoided dangerous off-script situations that significantly increased the risk of injuries to role-players such as Mr. Hutson.

33. Based upon information and belief, senior USPP officers and/or DHS officials were aware that the supervising USPP officer was routinely requiring contracted role-players to take actions that were outside the scope of their required roles, but took no action to correct the supervising USPP officer.

34. As a direct and proximate result of such negligent acts and omissions of Defendant's employees by and through their failure to adequately supervise the supervising USPP officer, Plaintiff has suffered severe injuries, resulting in pain and suffering, emotional distress, medical expenses, lost wages, and other related damages.

## COUNT III – NEGLIGENT TRAINING

35. Plaintiff restates and incorporates paragraphs 1 through 34 as if fully set forth herein.

36. Defendant is liable to the Plaintiff under the FTCA for the negligent acts and omissions of its employees acting within the scope of their employment.

37. All USPP and other personnel conducting the Exercise were employees of Defendant (by and through its departments and agencies) at the time of the subject incident.

38. Based upon information and belief, at the time of the Exercise, the supervising USPP officer had been trained on how to conduct training exercise (such as the Exercise) by senior USPP officers and/or DHS officials.

39. Senior USPP officers and/or DHS officials had a duty to ensure that the supervising USPP officer was trained to be aware of the limitations and requirements placed upon role-players so as to avoid placing such role-players in dangerous off-script situations that increased their risk of injuries.

40. Based upon information and belief, senior USPP officers and/or DHS officials failed to provide the supervising USPP officer with the necessary training that would have made him aware that he needed to avoid requiring Mr. Hutson to

perform the off-script task of running shoeless and handcuffed, which significantly increased the risk of injury to Mr. Hutson.

41. As a direct and proximate result of such negligent acts and omissions of Defendant's employees by and through their failure to adequately train the supervising USPP officer, Plaintiff has suffered severe injuries, resulting in pain and suffering, emotional distress, medical expenses, lost wages, and other related damages.

## DAMAGES

42. Plaintiff restates and incorporates paragraphs 1 through 41 as if fully set forth herein.

43. Plaintiff seeks compensatory damages in the amount of $1,000,000.00 for pain and suffering, emotional distress, medical expenses, lost wages, and other related damages resulting from the negligent acts and omissions set forth in Counts I-III.

WHEREFORE, Plaintiff Maynard Ashley Hutson respectfully requests that this Court enter judgment in his favor and against the Defendant United States of America for:

1. Compensatory damages in the amount of $1,000,000.00;
2. Pre- and post-judgment interest as allowed by law;
3. Costs of this action; and
4. Such other and further relief as this Court deems just and proper.

Respectfully submitted, this 8th day of August, 2024.

/s/Nathan T. Williams

Nathan T. Williams
Georgia Bar No. 142417
Attorney for Plaintiff

/s/Paul A. Schofield
Paul A. Schofield
Georgia Bar No. 94070
Attorney for Plaintiff

THE WILLIAMS LITIGATION GROUP, P.C.
Post Office Box 279
Brunswick, Georgia 31521-0279
912-208-3721
912-264-6299 facsimile
Nathan@WilliamsLG.com
Paul@WilliamsLG.com