# In the United States District Court for the Southern District of Georgia Brunswick Division

```
MAYNARD ASHLEY HUTSON,

     Plaintiff,

     v.                              2:24-CV-96

UNITED STATES OF AMERICA,

     Defendant.
```

## ORDER

Before the Court is Defendant United States' motion to dismiss. Dkt. No. 18. The motion has been fully briefed and is ripe for review. Dkt. Nos. 18, 20, 25. The Court heard oral argument on February 20, 2025. Dkt. No. 31. For the reasons stated below, the United States' motion is **DENIED**.

## BACKGROUND[1]

This case arises from an injury suffered by Plaintiff Maynard Ashley Hutson during a training exercise at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia. Dkt. No. 12 ¶ 3. On February 13, 2023, the United States Park Police

---

[1] On a motion to dismiss under a Rule 12(b)(1) facial attack for lack of subject matter jurisdiction, "the allegations in [the] complaint are taken as true for the purposes of the motion." McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007).

("USPP") conducted a training exercise at FLETC.[2] Id. ¶ 8. The USPP hired contractors to serve as "role-players" to act out the exercise; Plaintiff, who is not a federal government employee, was hired as a role-player. Id. ¶¶ 9, 13. The participants in the exercise were "non-employee students/trainees of USPP," and the exercise was supervised by a USPP officer. Id. ¶¶ 10–11.

During the training exercise, Plaintiff played a role in which "he was instructed to act as a 'flasher' suspect who had flashed a woman outside her office building." Id. ¶ 14. The supervising USPP officer "ordered" Plaintiff "to run without shoes while handcuffed as part of the exercise." Id. ¶ 17. While Plaintiff was running, one of the trainees pushed Plaintiff, causing him to fall "violently." Id. ¶¶ 19–20. Plaintiff alleges that the "non-employee student/trainee that pushed [Plaintiff] may have done so for personal reasons unrelated to the exercise, but the exact reason behind such push is not known at this time." Id. ¶ 21.

As a result of the fall, Plaintiff became immediately unconscious, suffered a seizure, and required emergency medical transportation. Id. ¶¶ 19, 23. Ultimately, Plaintiff suffered from

---

[2] The USPP is the federal law enforcement agency responsible for policing the national monuments, primarily in Washington, D.C., New York City, and San Francisco, as well as other National Park Service areas. Cong. Rsch. Serv., Dep't of the Int. Law Enforcement Programs (Jan. 8, 2024). "The primary mission of the U.S. Park Police is the protection of the visitors and resources of our parks." 105 S. Rpt. 202 (June 16, 1998).

2

"an intracranial injury with loss of consciousness, a fracture of the orbital floor on the left side, abrasions to the head and nose, post-traumatic seizures, amnesia, mechanical ptosis of the left eye, diplopia, and myopia in both eyes." Id. ¶ 22.

Plaintiff alleges that the supervising USPP officer knew that Plaintiff was required "to wear shoes and socks at all times and that he should not be required to run." Id. ¶¶ 16–17. Further, Plaintiff asserts that the supervising USPP officer "routinely requir[ed] contracted role-players to take actions that were outside the scope of their required roles." Id. ¶ 37.

On August 8, 2024, Plaintiff brought this action against the United States, through the USPP, an agency of the Department of the Interior, for negligence (Count I), negligent supervision (Count II), negligent training (Count III), and battery (Count IV). Id. at 4–7. "Plaintiff seeks compensatory damages in the amount of $1,000,000.00 for pain and suffering, emotional distress, medical expenses, lost wages, and other related damages resulting from the negligent acts and omissions." Id. ¶ 52.

**LEGAL AUTHORITY**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of a claim when the court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). A "federal court is powerless to act beyond its statutory grant of subject matter jurisdiction." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir.

3

2001). Accordingly, a court must "zealously" ensure that jurisdiction exists over each case which comes before it. Id.

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be asserted on facial or factual grounds. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). Facial challenges are "based solely on the allegations in the complaint," while factual challenges may refer to extrinsic evidence. Id.[3]

In a facial challenge to subject matter jurisdiction, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." McElmurray, 501 F.3d at 1251 (quoting Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981)). Thus, a "'facial attack' on the complaint 'requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" Id. (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (alterations adopted)); see also Carmichael, 572 F.3d at 1279.

## DISCUSSION

Plaintiff brings this suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et

---

[3] The United States asserts a facial challenge to subject matter jurisdiction under Rule 12(b)(1). Dkt. Nos. 18, 25.

4

seq. Dkt. No. 12 ¶ 1. Defendant argues that even when accepting the allegations in the complaint as true, as is required at this stage, the United States is immune from suit because the FTCA does not provide a basis for claims for intentional torts by a non-government employee, such as the trainee. Dkt. No. 18 at 4.

I.   **Tort Liability Against the United States**

"Sovereign immunity generally protects the United States and its agencies against suit." Smith v. United States, 14 F.4th 1228, 1230-31 (11th Cir. 2021) (citing Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994); In re Custom Contractors, LLC, 745 F.3d 1342, 1347 (11th Cir. 2014)). "'It is well settled that sovereign immunity bars suit against the United States except to the extent that it consents to be sued' and that 'statutory waivers of sovereign immunity are to be construed strictly in favor of the sovereign.'" Dotson v. United States, 30 F.4th 1259, 1264 (11th Cir. 2022) (quoting Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999)).

The FTCA represents one such statutory waiver. 28 U.S.C. § 1346(b)(1). By enacting the FTCA, "Congress gave federal courts subject matter jurisdiction over—and hence waived sovereign immunity for—claims against the United States seeking money damages for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of a federal employee acting within the scope of his employment." Smith,

5

14 F.4th at 1232 (citing 28 U.S.C. § 1346(b)(1)). "The FTCA is a specific waiver of the sovereign immunity of the United States and must be strictly construed"—meaning that the "FTCA's waiver 'must be scrupulously observed, and not expanded, by the courts.'" Id. (quoting Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008); Phillips v. United States, 260 F.3d 1316, 1318 (11th Cir. 2001)). "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." Zelaya v. United States, 781 F.3d 1315, 1322 (11th Cir. 2015).

Under the FTCA, "liability should be determined 'in accordance with the law of the place where the act or omission occurred.'" Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001) (quoting 28 U.S.C. § 1346(b)(1)).

> "[L]aw of the place" means law of the State—the source of substantive liability under the FTCA. F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994). "Law of the place" does not mean federal law; the FTCA was not intended as a mechanism for enforcing federal statutory duties. Howell v. United States, 932 F.2d 915, 917 (11th Cir. 1991). Instead, the FTCA was designed to provide redress for ordinary torts recognized by state law. Id. Indeed, [the Eleventh Circuit] has squarely addressed this issue, holding that unless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim.

Id. (internal quotation marks omitted). Here, the allegedly tortious acts occurred at FLETC in Georgia. See Dkt. No. 12. Thus,

6

the Court looks to Georgia tort law to determine whether the non-government employee's push would break the causal link and thus preclude liability based on the USPP supervising officer's conduct. Indeed, the FTCA "itself precludes the imposition of liability if there has been no negligence or other form of 'misfeasance or nonfeasance,' on the part of the Government." Laird v. Nelms, 406 U.S. 797, 799 (1972) (citation omitted). As such, the United States argues that this Court should dismiss the complaint for lack of subject matter jurisdiction because no action by any employee of the United States was the proximate cause of the injuries to Plaintiff. Dkt. No. 18 at 3.

> **II. The Complaint Sufficiently Supports that the Supervising USPP Officer's Conduct Was a Proximate Cause Under Georgia Law.**

Under Georgia law, the proximate cause is the act which, as a "legal and natural consequence," produces the damage to the plaintiff, and, without such cause, the damage would not have occurred. O.C.G.A. § 51-12-9. "If the damage incurred by the plaintiff is only the imaginary or possible result of a tortious act or if other and contingent circumstances preponderate in causing the injury, such damage is too remote to be the basis of recovery against the wrongdoer." O.C.G.A. § 51-12-8.

"There may be more than one proximate cause of an injury" under Georgia law. Stern v. Wyatt, 231 S.E.2d 519, 521 (Ga. Ct. App. 1976) (citing Shermer v. Crowe, 186 S.E. 224, 228 (Ga. Ct.

7

App. 1936)); see also Mull v. Aetna Cas. & Sur. Co., 175 S.E.2d 552, 554 (Ga. 1970) ("It is fundamental in the law of negligence that there may be more than one proximate cause of injury, and that one is liable for its negligent conduct whether it contributed in whole or in part to the plaintiff's injury, so long as it was one of the proximate causes of injury." (quotation omitted) (alterations adopted)). When there is a second proximate cause, a defendant may still be held liable if "his negligence put in operation other causal forces which were the direct, natural, and probable consequences of the defendant's original act, or that the intervening agency could reasonably have been foreseen by the defendant as [the] original wrong-doer." Stern, 231 S.E.2d at 521 (citations omitted). "It is no defense to an action for an injury resulting from negligence that the negligence of a third person contributed to cause the injury, if the negligence of the defendant was an efficient cause without which the injury would not have occurred." Id. (citations omitted).

Thus, "proximate causation includes all of the natural and probable consequences of the tortfeasor's negligence, unless there is a sufficient and independent intervening cause." Cowart v. Widener, 697 S.E.2d 779, 784 (Ga. 2010) (citations omitted). The United States asserts that the push was a sufficient and independent intervening cause. Dkt. No. 18. Plaintiff may survive the motion to dismiss if he plausibly pled that the push (1) "could

8

reasonably have been foreseen by the defendant," (2) was "triggered by defendant's act," *or* (3) was not "sufficient by itself to cause the injury." Stern, 231 S.E.2d at 521; Ont. Sewing Mach. Co. v. Smith, 572 S.E.2d 533, 536 (Ga. 2002). If the complaint supports any of these three theories, Plaintiff has adequately alleged multiple proximate causes under Georgia law. If not, the USPP officer's command to run is considered "too remote" to be a proximate cause, and the push is the sole proximate cause. See Ont. Sewing Mach. Co., 572 S.E.2d at 536.

"It is a well-settled rule of federal procedure that plaintiffs may assert alternative and contradictory theories of liability." Adinolfe v. United Techs. Corp., 768 F.3d 1161, 1175 (11th Cir. 2014) (citing Instituto De Prevision Militar v. Merrill Lynch, 546 F.3d 1340, 1352 (11th Cir. 2008); Fed. R. Civ. P. 8(d)(2)). "In the absence of a developed factual record," a court should not dismiss a complaint involving complex causation issues unless the plaintiff's theories of causation are implausible. See id. (holding the district court erred where it granted a motion to dismiss based "on the plaintiffs' choice to plead different and contradictory theories of causation" (internal quotation marks omitted)). Accepting Plaintiff's allegations as true, the complaint supports two different theories of causation.

9

### A. Concurrent Causation

First, "Georgia law is clear that the proximate cause of an injury may be two separate and distinct acts of negligence acting concurrently, and the person injured may recover from either or both of the persons responsible." Hayes v. Crawford, 730 S.E.2d 26, 29 (Ga. Ct. App. 2012) (alterations adopted); see also Dkt. No. 20 at 9 (quoting Granger v. MST Transp., LLC, 764 S.E.2d 872, 874 (Ga. Ct. App. 2014)). Plaintiff alleges the USPP officer's negligence concurred with the trainee's conduct because the USPP officer created a "dangerous off-script situation" when ordering Plaintiff to run shoeless and handcuffed. Dkt. No. 12 ¶¶ 17, 36, 43. Similarly, the complaint states the USPP officer "routinely requir[ed] contracted role-players to take actions that were outside the scope of their required roles" and, thus, breached the duty of care owed to Plaintiff. Id. ¶¶ 17, 27-31, 37. The carefully drafted complaint also leaves open the possibility that the USPP officer ordered the trainee to apprehend, tackle, or push Plaintiff—especially considering that Plaintiff played a handcuffed, fleeing "suspect who had flashed a woman outside her office building." Id. ¶¶ 14, 17, 19-21. Thus, Plaintiff sufficiently alleges a plausible theory of causation where the USPP officer's acts concurrently caused his injuries, and the push was not "a sufficient and independent intervening cause." Cowart, 697 S.E.2d at 784.

### B. Foreseeable Intervening Causation

Second, the complaint plausibly supports a theory that the push "could reasonably have been foreseen by the defendant." Stern, 231 S.E.2d at 521. An unforeseeable intervening cause, "which directly caused the injury, will be treated as the supervening proximate cause of such injury, breaking the causal connection between the defendants' negligence and the injury." FPI Atlanta, L.P. v. Seaton, 524 S.E.2d 524, 529 (Ga. Ct. App. 1999) (citations omitted); see also Ont. Sewing Mach. Co., 572 S.E.2d at 536. "Foreseeable consequences are those which are 'probable, according to ordinary and usual experience,' those which, 'because they happen so frequently, may be expected to happen again.'" Brown v. All-Tech Inv. Grp., Inc., 595 S.E.2d 517, 522 (Ga. Ct. App. 2004) (alterations adopted) (quoting Thomas v. Food Lion, 570 S.E.2d 18, 20 (Ga. Ct. App. 2002)), abrogated on other grounds by Ga. CVS Pharmacy, LLC v. Carmichael, 890 S.E.2d 209, 233 n.17 (Ga. 2023).

Viewing the USPP officer as the original tortfeasor, Plaintiff sufficiently alleges that the trainee's push was foreseeable. The complaint states that the supervising officer knew that ordering Plaintiff to run "would significantly increase the risk of injury" to Plaintiff. Dkt. No. 12 ¶ 17. Plaintiff further alleges that creating "dangerous off-script situations . . . significantly increased the risk of injuries to role-players such as [Plaintiff]." Id. ¶ 36. Indeed, and again,

11

the complaint does not foreclose the possibility that the trainee pushed Plaintiff because of an order of the USPP officer or a misunderstanding of the parameters of the training exercise. Id. ¶¶ 14, 17, 19–21.

The proximate cause requirement shields defendants from liability when an extraordinary or improbable event disrupts the chain of causation. See Restatement (Third) of Torts § 34, cmts. d–e. "If injury to others should have been anticipated, it [is] not necessary that the *exact* event resulting in the plaintiff's injury be foreseeable." Cooper v. Anderson, 101 S.E.2d 770, 777-78 (Ga. Ct. App. 1957) (emphasis added) (citing Williams v. Grier, 26 S.E.2d 698, 705 (Ga. 1943)). The complaint sufficiently states that the USPP officer set into motion a dangerous roleplay scenario in which Plaintiff was foreseeably injured. Under Georgia law, "[i]f the original negligent actor reasonably could have anticipated or foreseen the intervening act and its consequences, then the intervening act of negligence will not relieve the original actor from liability for the consequences resulting from the intervening act. *That is a jury question*." Stern, 231 S.E.2d at 521 (emphasis in original) (quoting Perry v. Lyons, 183 S.E.2d 467, 470 (Ga. Ct. App. 1971)).

Accordingly, Plaintiff adequately alleges that the United States, through its employee, proximately caused his injuries. To hold otherwise would require the Court to draw inferences in favor

of the United States, which is wholly improper at this stage. Thus, on the face of the amended complaint, the non-government employee's acts were not the sole proximate cause of Plaintiff's injuries.[4]

### III. The Intentional Tort Exception Does Not Warrant Dismissal at This Stage.

The intentional tort exception to the FTCA's waiver of sovereign immunity restores the government's immunity from suit for "[a]ny claim arising out of assault [or] battery." 28 U.S.C. § 2680(h). A plaintiff cannot overcome the intentional tort exception "by framing [his] complaint in terms of negligent failure to prevent the assault and battery." Hill v. United States, No. 23-11970, 2024 WL 1326791, at *2 (11th Cir. Mar. 28, 2024) (per curiam) (citing United States v. Shearer, 473 U.S. 52, 55 (1985)). Here, Plaintiff brings a battery claim. Dkt. No. 12 ¶¶ 46-50 (Count IV: Battery). Again, at this early stage, the Court's decision turns on Plaintiff's ability to plead in the alternative.

#### A. The Law Enforcement Proviso

First, if the Court were to find the entire case "arises out of" the battery claim, see 28 U.S.C. § 2680(h), and Plaintiff proceeds on a theory that the push was intentional, Plaintiff must overcome the intentional tort exception. Plaintiff argues that the

---

[4] The Court need not reach the question of whether the trainee was a borrowed servant of the United States. See Lopez v. United States, 696 F. Supp. 3d 1238, 1244-45 (N.D. Ga. 2023) (analyzing the borrowed servant doctrine as applied to a FTCA claim involving a non-government employee). Nonetheless, Plaintiff is entitled to reassert this theory at a later point in the proceedings.

13

alleged battery is outside of the intentional tort exception's preservation of immunity because "the law enforcement proviso" applies. Dkt. No. 20 at 5. There is "a statutory exception—termed the 'law enforcement proviso'—to the statutory intentional torts exception to the sovereign immunity waiver." Corbett v. Transp. Sec. Admin., 568 F. App'x 690, 700 (11th Cir. 2014) (per curiam). "Immediately after stating that sovereign immunity is not waived with regard to certain intentional tort claims, § 2680(h) [of the FTCA] states: '*Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." Id. (quoting 28 U.S.C. § 2680(h)).

Therefore, the exception to the exception applies, and the sovereign immunity waiver covers the battery—that is, the push—if it was committed by "investigative or law enforcement officers of the United States Government." Id. "Section 2680(h) defines 'investigative or law enforcement officer' to mean 'any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.'" Id. The law enforcement proviso "focuses on the status of persons whose conduct may be actionable," Millbrook v. United States, 569 U.S. 50, 56 (2013), that being, "whether they have the legal

14

authority to conduct investigations, make arrests, and enforce federal law, and not on the conduct giving rise to the claim." Devine v. United States, No. 20-13864, 2022 WL 326921, at *1 (11th Cir. Feb. 3, 2022) (citing Millbrook, 569 U.S. at 56).

USPP officers are law enforcement officers empowered to execute searches, seize evidence, and make arrests. 54 U.S.C. § 102701(a)(2). The trainee, however, is the one who allegedly committed the intentional tort. Dkt. No. 12 ¶¶ 46–50. On this undeveloped factual record, the law enforcement powers of the trainees are unknown. Thus, it would be premature for the Court to hold the law enforcement proviso blanketly applies to this case on the face of the complaint. But it would be equally improper to dismiss the case based on an inference drawn against Plaintiff. At this stage, ruling on the status of the trainee would require the Court to draw an unfounded inference against Plaintiff to hold that the trainee was powerless under federal law and to dismiss the entire claim under the guise of the intentional tort exception.

Furthermore, Plaintiff plausibly argues that this case is not barred by the intentional tort exception. Dkt. No. 20 at 4-5. Plaintiff relies on Sheridan v. United States, 487 U.S. 392 (1988). There, the U.S. Supreme Court held the intentional tort exception was inapplicable for an action arising out of a shooting. Id. at 403. In Sheridan, an intoxicated off-duty servicemember injured the plaintiffs by shooting a rifle into their car on a naval base.

15

Id. at 393. Before the shooting, three naval corpsmen allowed the drunk serviceman to leave a naval hospital with the rile. Id. at 395. "They attempted to take him to the emergency room, but he broke away [and] reveal[ed] the barrel of the rifle." Id. "At the sight of the rifle barrel, the corpsmen fled." Id. "They neither took further action to subdue [him], nor alerted the appropriate authorities[.]" Id. The Supreme Court allowed a negligence theory to proceed because it held that "the Government assumed responsibility to perform its good Samaritan task in a careful manner" by "voluntarily adopting regulations that prohibit the possession of firearms on the naval base and that require all personnel to report the presence of any such firearm, and by further voluntarily undertaking to provide care to a person who was visibly drunk and visibly armed." Id. at 401.

More recently, the Eleventh Circuit in Alvarez rejected a reading of Sheridan that requires "an independent duty to protect" others from unforeseeable harm, simply by proxy of the tortfeasor's relationship to the Government. Alvarez v. United States, 862 F.3d 1297, 1309 (11th Cir. 2017). Here, the complaint does not attempt to impose an independent duty to protect Plaintiff from unforeseen harm but rather asserts that the USPP law enforcement officer created the dangerous off-script scenario by ordering Plaintiff to run barefoot and handcuffed. Dkt. No. 12 ¶ 36. At this stage, Plaintiff plausibly alleges that (1) the USPP officer undertook a

16

duty to conduct the exercise safely when hiring role-players and (2) Plaintiff's injury was foreseeable the moment the USPP officer went outside the set parameters of the exercise. See id. ¶¶ 9, 27–30, 36–37, 42–43.

If the law enforcement proviso does not apply, the intentional tort exception may preclude liability. In Hill, the Eleventh Circuit held that the United States' immunity was not waived where the plaintiff claimed a Marine Major negligently "ordered his subordinates, as part of a hazing/initiation, to drug and sexually assault [the plaintiff] and her companion" because the claim nevertheless arose out of intentional torts. 2024 WL 1326791, at *1–2 (A plaintiff "cannot change the essence of these allegations by using language that sounds in negligence."). In Shearer, the U.S. Supreme Court held the government's immunity was not waived where the plaintiff claimed the Army negligently supervised a serviceman who then killed another serviceman because "the battery was the immediate cause of [the serviceman's] death and, consequently, the basis of [the] claim." 473 U.S. at 55. Accordingly, to hold that this case is more like Shearer and Hill than Sheridan would require factfinding and drawing factual inferences against Plaintiff, which are prohibited tasks at this stage. See 473 U.S. at 55; 2024 WL 1326791, at *2; 487 U.S. at 401. At the motion to dismiss stage, Plaintiff has, at least, plausibly alleged that the United States "assumed responsibility"

17

to conduct the law enforcement training exercise in a way that would not create foreseeable risks of serious injury to a contracted role-player. Sheridan, 487 U.S. at 401; see also Dkt. No. 12 ¶¶ 17, 29, 36, 43–44. Thus, dismissal on the basis of the intentional tort exception is unwarranted at this stage.

### B. Unintentional Push

Second, and more simply, dismissal of Plaintiff's claims for negligence, negligent supervision, and negligent training (Counts I through III) pursuant to the intentional tort exception would be improper because Plaintiff confesses in his intellectually honest complaint that he does not know the reason behind the push. Dkt. No. 12 ¶ 21. Accordingly, if discovery reveals that the push was unintentional, Plaintiff's battery claim (Count IV) fails, but Plaintiff's negligence claims (Counts I through III) would not be barred by the intentional tort exception. Again, "the Federal Rules of Civil Procedure allow a plaintiff to plead, without penalty, in the alternative" even if the alternative theories of recovery are inconsistent. See Devengoechea v. Bolivarian Republic of Venez., 889 F.3d 1213, 1229 (11th Cir. 2018) (citing Fed. R. Civ. P. 8(d)(3); Allstate Ins. Co. v. James, 779 F.2d 1536, 1540 (11th Cir. 1986)). Further, the "separate counts of the complaint must be read separately." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1278 (11th Cir. 2006) (citing Fed. R. Civ. P. 8(e)). To hold that the entire case arises out of battery simply because of

Plaintiff's choice to bring Count IV contravenes this rule—especially given that the reason for the push is unknown. Because the push could have been accidental or unintentional based on the allegations in the complaint, dismissal is improper.

## CONCLUSION

Under Rule 12(b)(1), the Court's role at this juncture is "merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." <u>Lawrence</u>, 919 F.2d at 1529 (alterations adopted). Plaintiff adequately alleges a basis for the waiver of sovereign immunity under the FTCA.

First, the complaint sets forth multiple proximate causes under Georgia law. Second, the inferences pertaining to the intentional tort exception and the related law enforcement proviso that the United States asks this Court to draw in its favor are inappropriate at this stage. Therefore, the United States' motion to dismiss, dkt. no. 18, is **DENIED**.

**SO ORDERED** this 2nd day of May, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA